Mr. Justice ThacheR
delivered the opinion of the Court.
, This case comes up by an appeal from an order of the Superior Court of Chancery, overruling a motion to dissolve ah injunction.
The motion was decided upon the bill and answers alone. By the bill, fraud is. charged upon the defendant McNeill, in the sale to complainant of certain lots of land in the town of Holly Springs, numbered 54, 55, and 56, with a dwelling-house situated upon one of said lots j and, upon this ground, a note, upon which a balance of the purchase-money was due, is sought to be enjoined. This fraud is charged to consist in false representations of the quantity of land intended to be conveyed, jyhich is alleged to have fallen short of those representations. -The note was made payable to the Mississippi Union Bank, for McNeill’s purposes of discount, which, however, were never 'effected, and it was assigned by him to Addison, Clendenin & Co. in payment of a debt of Watson and McNeill. These assignees entered intp an agreement with the coni- *85 plainant in respect to the payment of the note, by which about a year’s delay of payment was allowed him, and, in the mean time, a partial payment of $ 1500, was made by him. At the expiration of this time, this bill was filed. McNeill, in his answer, denies the allegation of fraud. He denies that he contracted with the complainant for the sale of the lots mentioned in the bill, but .declares that he assigned to him, for the consideration of the note, his interest in the title bonds of certain persons, to lots of land in the town of Holly Springs, without warranty of title. . He denies that he made any representations in regard to the quantity of land embraced in-the title bonds, other than what he stated, at the time of the contract, to be from the information of others, and for the truth of which he also then declared he would not be responsible.
"Without extending our inquiry into some investigations which the features of the bill and answers seem to present, we are of opinion, that upon the well settled principles of equity, the order in this case was erroneous. The general rule, that where a party makes representations of material facts, upon which another is induced to contract with him, the former is bo.und to make those representations good, with some exceptions, as where a defect is open equally to the observation of both parties, &c., is true. But this case does not come within this rule. The representations of McNeill were stated by him to be merely the repetition of what had been represented to him by his assignors of the title bonds, and these were distinctly guarded by a reservation that he would not undertake to be responsible for their correctness. Indeed, he may be said to have made no representations of his own upon the subject. The complainant cannot, therefore, be looked upon as having been deceived by false representatigns, but might, in truth, be considered as having been put on his guard against the quantity of land embraced in the title bonds. It does not appear that the numbers of the lots had relation to the plat of the town of Holly Springs, or to some private plat. Yet let this be as it may, the description of the land was not the description of the defendant, McNeill, but of other persons, who were equally accessible to the inquiries of the complainant as well as the defendant, and there was certainly nothing in the statements of McNeill likely to mislead the purchaser. He purchased, therefore, *86 with as full a knowledge of particulars as existed in his vendor, the defendant, McNeill.
The decree of the Chancellor, in overruling the motion to dissolve the injunction, is therefore reversed, and the inj unction jlis-solved.
Judge Clayton, having been counsel in the Court below in this case, gave no opinion.